IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS ELROY LOVELESS,<br><br>Petitioner,<br><br>v.<br><br>STATE OF OKLAHOMA,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-24-01174-JD |

## ORDER

Before the Court is the Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Amanda Maxfield Green on November 27, 2024. [Doc. No. 7]. The R. & R. recommends that the Court deny Petitioner Chris Elroy Loveless's Motion for Leave to Proceed *In Forma Pauperis* [Doc. No. 2] because Loveless has sufficient financial resources to pay the $5.00 filing fee for his petition for habeas corpus under 28 U.S.C. § 2254. R. & R. at 1–2. Judge Green recommends that Loveless should be required to pay the full filing fee for this action to proceed and that this action should be dismissed without prejudice should Loveless fail to pay the $5.00 filing fee within 21 days of an order adopting the R. & R. *Id.* at 2–3. The R. & R. advised Loveless of his right to object by December 18, 2024, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. *Id.* at 3.

Loveless did not file an objection or request an extension of time to do so.[1] "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections).

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at

---

[1] The Court originally mailed the R. & R. to Loveless at his address of record at the Grady County Jail in Chickasha, Oklahoma. Loveless later filed a Notice of Change of Address on December 2, 2024, indicating his new address at the Lexington Assessment and Reception Center ("LARC") in Lexington, Oklahoma in this action. *See* [Doc. No. 8]. The next day, the Court remailed the R. & R. to Loveless's updated address. On December 27, 2024, the Court's original mailing to the Grady County Jail was returned as undeliverable. [Doc. No. 9]. In the twenty-one days since the Court remailed the R. & R. to Loveless's updated address, Loveless has not filed an objection, a request for an extension of time to file an objection, or any other filing in this action.

659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review; these factors include: "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised.'" *Id.* at 1120.

Here, the R. & R. sufficiently informed Loveless of both the time period for objecting and the consequences of failing to object. *See* R. & R. at 3. The interests of justice do not require review because the R.& R. was mailed to Loveless's updated address on December 3, 2024, and the Court has no evidence of Loveless's effort to comply or an explanation for his failure to comply. Thus, the firm waiver rule applies, and Loveless has waived his right to challenge the R. & R.[2]

Therefore, the Court ACCEPTS the Report and Recommendation [Doc. No. 7] and DENIES Loveless's Motion for Leave to Proceed *In Forma Pauperis* [Doc. No. 2]. Under Local Civil Rule 3.3(e), Loveless has twenty-one days, or until **Tuesday, January 21, 2025**, to pay the $5.00 filing fee. Failure to pay the filing fees by the date specified or to seek a timely extension within which to make the payment will result in the dismissal of this action without prejudice to refiling, without further warning or opportunity to cure.

---

[2] Alternatively, even if the Court were to review this matter de novo, it agrees with Judge Green's analysis and conclusion that Loveless has sufficient resources to pay the $5 filing fee for this habeas action and that his motion to proceed in forma pauperis should be denied. *See* R. & R. at 2 (noting the weekly deposits and average monthly deposits in the petitioner's account).

IT IS SO ORDERED this 30th day of December 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

4